IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-20083-CM |
| ) | |
| NICHOLAS SRADER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

On December 6, 2011, this court sentenced defendant to 96 months imprisonment. Pending before this court is defendant's Request for Discovery (Doc. 119). For the reasons set out below, this court denies defendant's request without prejudice.

Petitioner requests the court to order the government to release a plethora of documents in the record to defendant including but not limited to audio recordings, testing results, copies of mental evaluation reports, police reports, names of witnesses, grand jury testimony, pretrial motion hearing and sentencing transcripts and defendant's statements made to law enforcement officers and counsel. Defendant requests this information "in order to effectively investigate the [d]iscovery to determine, what, if any, in-effective [*sic*] assistance of counsel claims exist" pursuant to 28 U.S.C. § 2255. (Doc. 119 at 8.)

Pursuant to 28 U.S.C. § 753(f), defendant is entitled to a free copy of a hearing transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See also United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007)

(quoting *Brown v. New Mex. Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar 19, 1998)) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)). Defendant does not have the right to a free transcript simply out of desire to search the record for errors. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *MacCollom*, 426 U.S. at 326–27). Defendant must show a particularized need for copies of the transcripts. *United States v. Bennett*, No. 06-20056-10-KHV, 2009 WL 3644920, at *1 (D. Kan. Oct. 30, 2009) (citing *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993)). Defendant does not satisfy the requirements of 28 U.S.C. § 753(f) by making general statements regarding counsel's ineffectiveness. *Cline*, 2007 WL 2071762, at *2 (citing *MacCollom*, 426 U.S. at 326–27).

Defendant's request for records is handled much the same way as a request for transcripts. "Courts have denied requests for trial transcripts and pretrial records for failure to meet the standard announced in *MacCollom*, 426 U.S. at 327, and followed in *Sistrunk*, 992 F.2d at 259." *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (citing *United States v. Chambers*, 788 F. Supp. 334 (E. D. Mich. 1992) ("denying motion for free record for failure to set forth sufficiently specific factual allegations")).

Defendant reasons that the record and transcripts will allow him to "effectively investigate the [d]iscovery to determine what, if any, in-effective assistance [*sic*] of counsel claims exist." (Doc. 58.) Defendant does not provide particular reasons why he believes the record and transcripts will assist him with his filings. Further, defendant has not yet filed a motion under 28 U.S.C. § 2255. This circuit has held that a § 2255 motion must be on file to "trigger the statute that explicitly grants indigent habeas corpus petitioners documents or parts of the record without cost." *Lewis*,

1994 WL 563442, at *1 (citing *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)) (internal quotation marks omitted).

Because there is no § 2255 motion on file with this court by defendant, and defendant's pending request does not specifically indicate how the records and transcripts will aid him in the filing of a § 2255 motion, this court denies his request at this time. If, however, defendant files a § 2255 motion and specifically requests a free copy of the record and/or transcripts, indicating with particularity how the records and/or copies of transcripts will aid him in furtherance of his § 2255 motion, the court would reconsider the request at that time.

**IT IS THEREFORE ORDERED** that defendant's Request for Discovery (Doc. 119) is denied without prejudice.

Dated this 13th day of August, 2012 at Kansas City, Kansas.

s/ Carlos Murguia  
CARLOS MURGUIA  
United States District Judge